IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03052-BNB

BRETT LeJON STEWART,

    Plaintiff,

v.

MS. JEANNIE MILLER, Executive Director, Parole Division, Colorado Department of
    Corrections,

    Defendant.

---

ORDER TO DISMISS IN PART AND TO DRAW REMAINING CLAIM
TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

    Plaintiff, Brett LeJon Stewart, is in the custody of the Colorado Department of Corrections and is detained currently at the El Paso County Justice Center in Colorado Springs, Colorado.  He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated by Colorado parole officers and the Colorado Parole Board.  Mr. Stewart has been granted leave to proceed *in forma pauperis* and has demonstrated his inability to pay an initial partial filing fee.

    The Court must construe the Complaint liberally because Mr. Stewart is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Stewart alleges in his Complaint that he was reparoled on February 12, 2010, under parole conditions which included his participation in a drug and alcohol treatment program.  He was later arrested on criminal charges which were resolved on or before July 10, 2010.  Mr. Stewart asserts that he was detained in the El Paso County jail from July 10, 2010 to September 29, 2010, with no pending criminal charges, while his parole revocation hearing was delayed, in violation of a Colorado statute.   Following a September 29, 2010 hearing, Mr. Stewart was released from jail and reparoled on September 30, 2010.  In October 2010, Plaintiff's parole officer and parole reintegration specialist informed him that there were no funds available for him to receive treatment and that he would not receive an in-patient treatment referral.  Mr. Stewart claims that his constitutional rights were violated when Colorado parole officers interfered with a condition of his reparole by failing to submit necessary referral paperwork to a contracting agency to allow him to participate in a drug and alcohol treatment program.  Plaintiff also asserts that he has been subjected to arbitrary treatment as a homeless "I.S.P. [Intensive Supervision Parole] client" by his parole officer and the adult parole office reintegration specialist, who filed criminal charges against him in December 2010, after he was unable to comply with their unreasonable contact orders.  Plaintiff alleges that he has been detained in the El Paso County jail on the new charges since February 18, 2011.  Mr. Stewart requests that the Court enter an injunction ordering the Defendant and individual supervising parole officers to hold a hearing concerning the implementation of his parole conditions.  Plaintiff also seeks an award of damages.

Mr. Stewart does not challenge the condition of his parole that he complete a drug and alcohol treatment program. Instead, he complains that parole officers are interfering with his ability to fulfill that condition. However, Mr. Stewart's § 1983 claim is not actionable unless he has a constitutionally-protected liberty interest in participating in a treatment program while on parole. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest may arise from the Constitution or from state law. *Id.*; *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1339 (10th Cir. 2007). A parolee does not have a federal constitutional right to drug and alcohol treatment while on parole. *See Purkey v. Simmons*, 29 F. App'x 546, 547 (10th Cir. 2002) (unpublished). Further, Mr. Stewart has not cited any state law entitlement to participate in a drug and alcohol treatment program. *Cf. Scott v. Teklu*, 403 F. App'x. 344, 345 (10th Cir. 2010) (unpublished) (rejecting petitioner's contention that Colorado law creates a protected liberty interest in being provided with housing assistance while on parole, pursuant to COLO. REV. STAT. ("C.R.S.") § 17–22.5–403(8)(a)). Because Plaintiff does not have a constitutionally-protected liberty interest in participating in a drug and alcohol treatment program while on parole, his claim that parole officers are interfering with his ability to obtain treatment is not actionable under § 1983. The Court notes that Mr. Stewart does not allege any enforcement action by the Colorado parole authorities based on his failure to participate in a treatment program.

Mr. Stewart's claim that parole officers arbitrarily filed criminal charges against him, for which he is currently detained pending a parole revocation proceeding, is not actionable under 42 U.S.C. § 1983 at this time. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), if a judgment for damages favorable to a plaintiff in a § 1983 action

necessarily would imply the invalidity of the plaintiff's criminal conviction, sentence or detention, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). *Heck* also bars proceedings challenging "the fact or duration of parole." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Therefore, to the extent Mr. Stewart challenges his detention pending a parole revocation hearing based on the criminal charges filed against him in December 2010, he must first obtain relief in an application for habeas corpus pursuant to 28 U.S.C. § 2241 before bringing a civil rights action under 42 U.S.C. § 1983.

Mr. Stewart also appears to be raising a constitutional challenge based upon purported inaction by the Colorado Parole Board that allegedly resulted in his parole hearing being improperly delayed while he was detained in jail from July 20, 2010 to September 2010. Pursuant to § 17-2-103(7), C.R.S. (2010), a revocation hearing shall be held within a reasonable time, "not to exceed thirty days after the parolee was arrested; . . . ." Judgment in the plaintiff's favor on such a claim would not imply the invalidity of his conviction or sentence. *See Murray v. Dobbs*, 09-cv-02021-LTB-MJW, 2010 WL 3522564, at *6 (D. Colo. July 29, 2010). As such, Plaintiff's claim asserting that a state hearing procedure was not followed is proper under 42 U.S.C. § 1983. *See*

*Reed v. McKune*, 298 F.3d 946, 954 (10th Cir. 2002).

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Plaintiff's claim challenging the delay in his 2010 parole revocation hearing does not appear to be appropriate for summary dismissal. The case will therefore be drawn to a district judge and to a magistrate judge. ***See*** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Mr. Stewart's § 1983 claim asserting that Colorado parole officers failed to submit necessary referral paperwork to contracting agencies for his participation in a drug and alcohol treatment is dismissed, with prejudice, for failure to state a constitutional violation. It is

FURTHER ORDERED that to the extent Mr. Stewart challenges the constitutionality of his current detention pending a parole revocation hearing, his claim is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and is dismissed without prejudice. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18th day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge