IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03052-RBJ-BNB

BRET LeJON STEWART,

Plaintiff,

v.

MS. JEANNIE MILLER, Executive Director, Parole Division, Colorado Department of Corrections,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendant's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Doc. #12, filed 03/23/2012] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed his Prisoner Complaint on November 22, 2011 [Doc. #1] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff was paroled on February 12, 2010, and again on September 30, 2010. *Complaint*, p. 3.[1]

2. One of the conditions of parole was attendance in a drug and alcohol treatment program. Id. The plaintiff was not referred for treatment. Id. at p. 5.

3. The plaintiff alleges that his due process rights were violated because from July 10, 2010, through September 29, 2010, he was detained in the El Paso County Criminal Justice Center awaiting a parole revocation hearing "following the disposition of criminal charges which ended July 10, 2010." Id. at p. 4. The plaintiff was "held 80 days with no criminal charges pending to see the [Parole] Board" in violation of Colorado statutes and Colorado Department of Corrections ("DOC") administrative regulations. Id. at p. 7.

4. On September 27, 2010, the Colorado State Board of Parole held an evidentiary hearing at the El Paso County Criminal Justice Center and revoked the plaintiff's parole. Id. at p. 5.

---

[1] The Complaint is not consecutively paginated. Therefore, I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

5. Beginning February 18, 2011, the plaintiff requested grievance forms while detained at the El Paso County Criminal Justice Center. He had not received them at the time he filed his Complaint. Id. at p. 8.

The plaintiff requests an administrative hearing concerning his parole conditions; $100,000.00 in damages "which if awarded 10% to go back to the state for additional training of parole personnel." Id. at p. 11.

On January 18, 2012, the court dismissed all of the plaintiff's claims except the constitutional claim that his parole revocation hearing was improperly delayed while he was detained in the El Paso County Criminal Justice Center from July 10, 2010, to September 29, 2010 [Doc. #5].

## III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Official Capacity Claim

The defendant asserts that the plaintiff's claim for damages against her in her official capacity is barred by Eleventh Amendment immunity.[2] The Eleventh Amendment bars suits in the federal courts against unconsenting states by the state's own citizens and by citizens of

---

[2] Because this argument challenges the court's jurisdiction, I address it prior to addressing the defendant's other arguments.

another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06. The defendant is employed by the DOC. The DOC is an agency or subdivision of the State of Colorado. Consequently, the Eleventh Amendment bars suit against her in her official capacity for retroactive monetary relief. The Motion should be granted to the extent it seeks dismissal of the claim against the defendant in her official capacity for retroactive monetary based on Eleventh Amendment immunity.

### B.  Individual Capacity Claim

The defendant asserts that the claim against her fails to state a claim upon which relief can be granted because the plaintiff does not allege that the defendant personally participated in any of the actions or inactions which violated his constitutional right to due process.

An individual cannot be held liable under section 1983 unless she caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order to hold a supervisor liable under section 1983, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotations and citation omitted).  Without a showing of personal involvement in the alleged constitutional violation, liability will not be imposed on a supervisory official.  Id. at 1163.

In the Complaint's caption and description of the parties, the plaintiff alleges that defendant Miller is the Executive Director of the Division of Parole.  *Complaint*, pp. 1-2.  The Complaint does not contain any further allegations regarding Ms. Miller.  The plaintiff is attempting to hold Ms. Miller liable simply because she is in a supervisory position.  Indeed, he admits that he is suing her because she is the "head of the Division."  *Response - Motion to Dismiss* [Doc. #16] (the "Response"), pp. 2-3.

The plaintiff claims that Ms. Miller should be liable because he sent letters to her and she never responded.  *Response*, p. 3.  This claim, without more, does not establish personal participation in a constitutional violation.  See Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, 843 (10th Cir. 2004) (copying the warden on complaints about medical care, without more, does not sufficiently allege personal participation in a constitutional deprivation).

The plaintiff has failed to demonstrate that the defendant violated his constitutional rights.  Therefore, his claim must be dismissed as to the defendant in both her official and individual capacities.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be dismissed.[3]

Dated January 17, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).